**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4180**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

DANIEL RODRIGUEZ,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.   (8:12-cr-00481-JMC-11)

─────────────

Submitted:  December 28, 2015     Decided:  January 21, 2016

─────────────

Before KING, GREGORY, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Rodriguez appeals the district court's judgment and his sentence after the jury convicted him of drug conspiracy and two related charges. Rodriguez's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether the district court erred in determining the drug weight by a preponderance of the evidence and in concluding that Rodriguez possessed a gun in connection with the drug conspiracy under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014) when he was acquitted by the jury of a charge under 18 U.S.C. § 924(c)(1)(A). Rodriguez was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed any significant procedural error, such as improperly calculating the Guidelines range. Gall, 552 U.S. at 51. In determining whether the Guidelines calculation was proper, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Dodd, 770 F.3d 306, 309 (4th Cir. 2014), cert. denied, 135 S. Ct. 1514 (2015). If the sentence is procedurally reasonable, we then consider its

2

substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We have reviewed the record and conclude that the district court correctly calculated Rodriguez's Guidelines range, and his sentence is procedurally and substantively reasonable. It was not error for the district court to find a higher drug weight by a preponderance of the evidence than the threshold weight found by the jury; nor was it error for the district court to apply the enhancement under USSG § 2D1.1(b)(1) after the jury found Rodriguez not guilty of the 18 U.S.C. § 924(c)(1)(A) charge. See United States v. Brooks, 524 F.3d 549, 560-63 (4th Cir. 2008). Moreover, we have reviewed the record and conclude that the district court did not clearly err in making these findings.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
